(C.D. 3622)

NOVELTY INDUSTRIES, INC. *v.* UNITED STATES

United States Customs Court, First Division

---

[16] This stipulation was likewise based on a report of the United States Customs Laboratory in New York stating in part that the articles are composed of synthetic resins which "do *not* serve as chief binding agent * * *." [Emphasis supplied.] *Cf.* note 5, *supra.*

(Decided November 20, 1968)

*Siegel, Mandell & Davidson* for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before WATSON, MALETZ, and NEWMAN, Judges

MALETZ, Judge: This protest has been submitted for decision on a written stipulation, reading as follows:

IT IS STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States:

That the items marked "A", and checked IR (Import Spec's Initials) by Import Specialist I. Rabinowitz (Import Spec's Name) on the invoices covered by the protest enumerated above, consist of periscopes wholly or in chief value of plastic and not having a spring mechanism, assessed for duty at 45 per centum ad valorem under the provisions of Item 708.93 of the Tariff Schedules of the United States.

That at or about the time of importation, such merchandise was chiefly used for the amusement of children under the age of fourteen.

That it is plaintiff's sole claim herein that the periscopes are properly dutiable at 35 per centum ad valorem under the provisions of Item 737.90 as other toys, not specially provided for.

That the protest enumerated above be deemed submitted on this stipulation, the protest being limited to the items marked with the letter "A", as aforesaid.

This stipulated statement of the facts is sufficient to remove the present merchandise from the classification determined by the collector and to establish the proper classification, as claimed by the plaintiff, to be under item 737.90, Tariff Schedules of the United States, as other toys, not specially provided for, dutiable at the rate of 35 percent ad valorem.

To the extent indicated the protest is sustained and judgment will be rendered accordingly.